[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before the Court for decision is the motion of defendant, Blue Cross and Blue Shield of Rhode Island seeking to amend a class certification order heretofore entered by this Court. Also before the Court is Plaintiffs' motion seeking to amend the existing class certification order. The amendments proposed by the competing parties are diametrically opposite each from the other.
 BACKGROUND
On July 17, 2003, this Court entered an Amended and Final Order Granting Class Certification including a determination that a class action was maintainable under the provisions both of Super. R. Civ. P. 23(b)(2) and 23(b)(3). That order followed a written decision filed by this Court on September 18, 2002. Subsequent to the decision, and prior to the entry of the order first above mentioned, prior orders containing typographical or other errors had, in fact, been entered by the Court. In any event, no order modifying the decision or the Final Order Granting Class Certification under subsections (b)(2) and (b)(3) of Rule 23 has ever entered; the case has proceeded through extensive discovery and in a somewhat novel undertaking, has been heard in several instances jointly with a case pending in the United States District Court for the District of Rhode Island, Dariusz Dziadkiewicz and Carl G. Durden, on behalf ofthemselves, persons claiming under their health plans, and all personssimilarly situated v. Blue Cross Blue Shield of Rhode Island, C.A. No. 96-275S, an action there certified as a Class Action under Fed. R. Civ. P. Rule 23(b)(2). In that case under facts identical to some of the facts here at issue, the claims of the plaintiff class are asserted under ERISA while in the case at bar which involved non ERISA claims, plaintiffs sue under common law theories.
The matter which provoked the filing of the competing motions presently before the Court was a recent opinion of the Rhode Island Supreme Court entered on June 23, 2004 in that certain matter entitled Paul A. DeCesarev. Lincoln Benefit Life Company, 852 A.2d 474 (R.I. 2004). In that case, on appeal from the grant of summary judgment in favor of defendant ordered by this Court, our Supreme Court in discussing this Court's class certification order, had occasion to state:
 "To be certified a class must satisfy the requirements set forth in Rule 23(a) and qualify in one of three categories described in subsection 23(b) of the Rule." Id. at 486.
The Supreme Court further noted that
 "Rule 23(b) provides that a potential class also must qualify under one of three subsections. In this case plaintiffs attempted to have the class certified under two sub-sections: subsection (b)(2) of Rule 23 which requires that: `the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole,'" and subsection (b)(3), in which the Court must find:
 "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Id.
In Lincoln, as in the case at bar, this Court had found that the plaintiffs had met the applicable burden of proof under the provisions of Rule 23(a) and its various sub parts. The Court there, as here, also found that plaintiffs properly had established their entitlement to class certification both under the provisions of subsection (b)(2) and (b)(3).
In Lincoln our Supreme Court further wrote "having determined that class certification is appropriate under Rule 23(b)(2), the Superior Court should not have proceeded to certify the class under Rule 23(b)(3)." The Court continued on to state the general rule as follows:
 "Although classes often qualify under more than one of the Rule 23(b) categories, courts generally prefer to certify classes under Rule 23(b)(1) or (2) before certifying under Rule 23(b)(3). See DeBoer v. Mellon Mortg. Co., 64 F.3d 1171, 1175 (8th Cir. 1995); 5 James W. Moore et al., Moore's Federal Practice, § 23.40[2]. The reason for this preference is that members of a class certified under Rule 23(b)(1) or (2) cannot opt out of the action, while members of a class certified under Rule 23(b)(3) are entitled to opt out and pursue individual suits. See DeBoer, 64 F.3d at 1175. Individual claims brought by members opting out of the class might prejudice other class members or cause inconsistencies and compromises in future litigation. See id." Borcherding-Dittloff v. Transworld Systems, Inc., 185 F.R.D. 558, 562 (W.D. Wis. 1999)." Id. at 490
 ISSUE
The issue presented by the competing motions essentially is under which subsection of Rule 23(b) should the Court have certified, if any. Plaintiffs argue that the predominate relief sought is injunctive in nature. They tell us that the data discovered during the discovery stage and made available to them, as analyzed by their expert clearly demonstrates that the practices complained of for the most part, continue unabated or in the alternative, have voluntarily been discontinued but are susceptible of repetition or reinstitution by defendant, Blue Cross. Plaintiffs remind the Court that the clear teaching of Lincoln is that if a class or classes qualify under its provisions, if there is to be a class certification, it is preferable according to the general rule announced above, that such certification be pursuant to the provisions of subsection (b)(2). Plaintiffs also claim that under the doctrine of comity this Court should, in view of the Federal Court's 23(b)(2) determination, make a similar finding On the other hand, defendant claims and argues that because the primary thrust according to it is not equitable relief but rather the collection of damages into the multi-millions of dollars that class members, if there be a class, must be given the option of opting out after appropriate notice to them in accordance with the provisions of Rule 23(c)(2).
Defendants further suggest that because of the minuscule (relatively) amount to which any individual class member may be entitled that the Court ought to re-think the whole issue of class certification because they tell the Court, the jurisdictional amount with respect to each of the constituent class members would not be sufficient to implicate the jurisdictional amount necessary for a suit of this nature. The defendant asserts the only reason that plaintiff's claimed equitable relief was so as to come within the parameters of 23(b)(2) because they could not have satisfied the individual jurisdictional amount necessary to qualify under 23(b)(3).
 HOLDING
This Court holds that the final order of class certification ought to be amended so as to provide for certification of the sub classes as therein set forth pursuant to the provisions of Rule 23(a) and (b)(2). The common thread among all of the class members is coverage under a Blue Cross policy wherein the evils complained of are alleged to have occurred, in some instances still may be occurring, and it is claimed without the grant of injunctive relief, are susceptible to being reinstituted by Blue Cross. While the Court believed at the time of its decision in September of 2002 that certification under each of 23(b)(2) and (b)(3) was correct, it is clear that under the teachings of Lincoln
when faced with a choice between (b)(2) and (b)(3), the use of (b)(2) is preferable for the reasons stated supra.
 CONCLUSION
The motion of the plaintiffs is granted. The motion of Blue Cross is denied.
Prevailing counsel shall prepare an appropriate order consistent herewith to be entered upon notice to defendant.